APPEAL,CASREF

# U.S. District Court
# Eastern District of Oklahoma (Muskogee)
# CIVIL DOCKET FOR CASE #: 6:23−cv−00275−JFH−GLJ

Westbrook v. Lysinger et al
Assigned to: Chief Judge John F. Heil, III
Referred to: Magistrate Judge Gerald L. Jackson
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/18/2023
Date Terminated: 08/26/2026
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Frederick Maurice Westbrook**<br>*also known as*<br>Maurice | represented by | **Frederick Maurice Westbrook**<br>756209<br>Great Plains Correctional Center<br>P.O. Box 700<br>Hinton, OK 73047<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Jamie Lysinger**<br>*RN − Health Services Administrator* | represented by | **Darrell L. Moore**<br>J. Ralph Moore, PC<br>PO Box 368<br>Pryor, OK 74362<br>918−825−0332<br>Fax: 918−825−7730<br>Email: darrellmoore@jralphmoorepc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted−OKED* |

**Defendant**

| | | |
|---|---|---|
| **Serena Brewer**<br>*Medical Provider* | represented by | **Darrell L. Moore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted−OKED* |

**Defendant**

| | | |
|---|---|---|
| **Joe Norwood**<br>*Warden* | represented by | **Darrell L. Moore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted−OKED* |

**Defendant**

| | | |
|---|---|---|
| **Nurse Devine**<br>*Nurse* | represented by | **Darrell L. Moore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted−OKED* |

**Defendant**

| | | |
|---|---|---|
| **Chief of Security Brown**<br>*Chief of Security* | represented by | **Darrell L. Moore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted−OKED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2023 | 1 | COMPLAINT against All Defendants by Frederick Maurice Westbrook. (With attachments)(rak, Deputy Clerk) (Entered: 08/18/2023) |
| 08/18/2023 | 2 | MINUTE ORDER by District Judge John F. Heil, III referring case to Magistrate Judge Gerald L. Jackson for all further proceedings in accordance with jurisdiction pursuant to 28 USC § 636. All future filings shall bear the case number CIV−23−275−JFH−GLJ. (rak, Deputy Clerk) (Entered: 08/18/2023) |
| 08/18/2023 | 3 | MINUTE ORDER by Magistrate Judge Gerald L. Jackson: Upon review of the file in this case, the Court finds that the plaintiff has not submitted a proper motion for leave to proceed in forma pauperis or paid the $350.00 filing fee and the $52.00 administrative fee. The plaintiff is directed to submit a properly executed motion for leave to proceed in forma pauperis, with original signature and have the Trust Fund Officer at his facility complete (with an original signature) the Required Certification of Statement of Institutional Accounts and provide a current 6−month financial accounting statement and return the completed motion to the Office of the Clerk, or pay the filing and administrative fees totaling $402.00 within 20 days or by 9/7/23. If the plaintiff is granted in forma pauperis status, he will not be required to pay the $52.00 administrative fee. Failure to comply with this order may result in dismissal of this action. The Clerk is directed to provide the plaintiff with a motion for leave to proceed in forma pauperis form and an instruction sheet. (rak, Deputy Clerk) (Entered: 08/18/2023) |
| 08/23/2023 | 4 | MOTION for Leave to Proceed in Forma Pauperis by Frederick Maurice Westbrook. (With attachments) Responses due by 9/6/2023. (rak, Deputy Clerk) (Entered: 08/24/2023) |
| 08/25/2023 | 5 | ORDER by District Judge John F. Heil, III : Granting 4 Motion for Leave to Proceed in Forma Pauperis. Filing Fee due by 9/8/2023 in the amount of $41.38 (acg, Deputy Clerk) (Entered: 08/25/2023) |
| 09/20/2023 | | PARTIAL FILING FEES Paid on 9/20/2023 in the amount of $41.38, receipt number 21518. (jld, Deputy Clerk) (Entered: 09/20/2023) |
| 09/20/2023 | 6 | LETTER from Court Clerk to Plaintiff: 285 forms(acg, Deputy Clerk) (Entered: 09/20/2023) |
| 10/16/2023 | 7 | MINUTE ORDER by Court Clerk, directing the Clerk of Court to issue Civil |

| | | |
|---|---|---|
| | | Summons for the named defendants and to forward the issued Summons to the U.S. Marshal for service. The plaintiff has been granted In Forma Pauperis status.(acg, Deputy Clerk) (Entered: 10/16/2023) |
| 10/16/2023 | 8 | SUMMONS Issued by Court Clerk as to Serena Brewer (acg, Deputy Clerk) (Entered: 10/16/2023) |
| 10/16/2023 | 9 | SUMMONS Issued by Court Clerk as to Chief of Security Brown (acg, Deputy Clerk) (Entered: 10/16/2023) |
| 10/16/2023 | 10 | SUMMONS Issued by Court Clerk as to Joe Norwood (acg, Deputy Clerk) (Entered: 10/16/2023) |
| 10/16/2023 | 11 | SUMMONS Issued by Court Clerk as to Nurse Devine (acg, Deputy Clerk) (Entered: 10/16/2023) |
| 10/16/2023 | 12 | SUMMONS Issued by Court Clerk as to Jamie Lysinger (acg, Deputy Clerk) (Entered: 10/16/2023) |
| 11/02/2023 | 13 | SUMMONS Returned Executed re: Joe Norwood − Served on 10/30/2023. (eaw, Deputy Clerk) (Entered: 11/02/2023) |
| 11/02/2023 | 14 | SUMMONS Returned Executed re: Jamie Lysinger − Served on 10/30/2023. (eaw, Deputy Clerk) (Entered: 11/02/2023) |
| 11/02/2023 | 15 | SUMMONS Returned Executed re: Serena Brewer − Served on 10/26/2023. (eaw, Deputy Clerk) (Entered: 11/02/2023) |
| 11/02/2023 | 16 | SUMMONS Returned Executed re: Chief of Security Brown − Served on 10/30/2023. (eaw, Deputy Clerk) (Entered: 11/02/2023) |
| 11/02/2023 | 17 | SUMMONS Returned Executed re: Nurse Devine − Served on 10/26/2023. (eaw, Deputy Clerk) (Entered: 11/02/2023) |
| 11/06/2023 | 18 | ATTORNEY APPEARANCE by Darrell L. Moore on behalf of Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (Moore, Darrell) (Entered: 11/06/2023) |
| 11/06/2023 | 19 | MOTION to Stay and for Special Report by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood Responses due by 11/20/2023 (Moore, Darrell) (Entered: 11/06/2023) |
| 11/07/2023 | 20 | ORDER by Magistrate Judge Gerald L. Jackson granting 19 MOTION to Stay Proceedings and Requiring Special Report (acg, Deputy Clerk) (Entered: 11/07/2023) |
| 11/13/2023 | | PARTIAL FILING FEES Paid on 11/13/2023 in the amount of $2.21, receipt number 21677. (jld, Deputy Clerk) (Entered: 11/14/2023) |
| 11/15/2023 | 21 | MAIL to Frederick Westbrook Returned −marked Return to Sender−No Mail Receptacle. (Re: 20 Ruling on Motion to Stay) (With attachments)(jld, Deputy Clerk) (Entered: 11/15/2023) |
| 12/20/2023 | 22 | SPECIAL REPORT by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (With attachments)(Moore, Darrell) (Entered: 12/20/2023) |
| 12/20/2023 | 23 | ANSWER to Complaint (Re: 1 Complaint) by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (Moore, Darrell) (Entered: 12/20/2023) |

| | | |
|---|---|---|
| 12/27/2023 | 24 | MINUTE ORDER by Magistrate Judge Gerald L. Jackson, lifting the stay (Re: 20 Ruling on Motion to Stay ) (acg, Deputy Clerk) (Entered: 12/27/2023) |
| 01/05/2024 | 25 | MAIL to Frederick Westbrook Returned − marked Return to Sender−No Mail Receptacle. (Re: 24 Minute Order, Lifting the Stay) (With attachments)(jld, Deputy Clerk) (Entered: 01/05/2024) |
| 03/15/2024 | | PARTIAL FILING FEES Paid on 3/15/2024 in the amount of $13.00, receipt number 22062. (jld, Deputy Clerk) (Entered: 03/15/2024) |
| 08/02/2024 | | PARTIAL FILING FEES Paid on 8/2/2024 in the amount of $20.00, receipt number 22457. (jld, Deputy Clerk) (Entered: 08/06/2024) |
| 12/09/2024 | | PARTIAL FILING FEES Paid on 12/9/2024 in the amount of $20.00, receipt number 22830. (jld, Deputy Clerk) (Entered: 12/10/2024) |
| 04/18/2025 | | PARTIAL FILING FEES Paid on 4/18/2025 in the amount of $7.00, receipt number 23178 by Frederick Maurice Westbrook. (jld, Deputy Clerk) (Entered: 07/09/2025) |
| 08/27/2025 | | PARTIAL FILING FEES Paid on 8/27/2025 in the amount of $20.00, receipt number 23534. (alp, Deputy Clerk) (Entered: 08/29/2025) |
| 12/03/2025 | 26 | SCHEDULING ORDER by Magistrate Judge Gerald L. Jackson setting Scheduling Order dates: Exhibit List due by 3/3/2026; Witness List due by 3/3/2026; Discovery due by 4/2/2026; Dispositive Motions due by 5/4/2026. Additional deadlines to be set upon disposition of dispositive motions. (jld, Deputy Clerk) Modified on 3/26/2026 to correct text. (pmb, Deputy Clerk). (Entered: 12/03/2025) |
| 12/29/2025 | | PARTIAL FILING FEES Paid on 12/29/2025 in the amount of $15.00, receipt number 23815. (mdc, Deputy Clerk) (Entered: 12/30/2025) |
| 02/25/2026 | 27 | NOTICE of Change of Address by Frederick Maurice Westbrook. (jld, Deputy Clerk) (Entered: 02/25/2026) |
| 03/02/2026 | 28 | WITNESS LIST by Frederick Maurice Westbrook. (jld, Deputy Clerk) (Entered: 03/02/2026) |
| 03/02/2026 | 29 | EXHIBIT LIST by Frederick Maurice Westbrook. (jld, Deputy Clerk) (Entered: 03/02/2026) |
| 03/02/2026 | 30 | EXHIBIT LIST by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (Moore, Darrell) (Entered: 03/02/2026) |
| 03/02/2026 | 31 | WITNESS LIST by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (Moore, Darrell) (Entered: 03/02/2026) |
| 03/02/2026 | 32 | ERRATA/CORRECTION (Re: 31 Witness List ) by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (Moore, Darrell) (Entered: 03/02/2026) |
| 03/03/2026 | 33 | MOTION Leave and Order to Depose Incarcerated Persons by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood Responses due by 3/17/2026(Moore, Darrell) (Entered: 03/03/2026) |
| 03/25/2026 | 34 | MOTION to Extend Deadline(s) by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood Responses due by 4/8/2026(Moore, Darrell) (Entered: 03/25/2026) |

| | | |
|---|---|---|
| 03/26/2026 | 35 | ORDER by Magistrate Judge Gerald L. Jackson GRANTING 33 Defendants' Motion for Leave to Depose Plaintiff. (pmb, Deputy Clerk) (Entered: 03/26/2026) |
| 03/26/2026 | 36 | AMENDED SCHEDULING ORDER by Magistrate Judge Gerald L. Jackson GRANTING 34 Defendants' Motion to Extend Deadlines. Accordingly, Discovery shall be completed by 6/2/2026; and Dispositive Motions shall be filed on or before 7/6/2026. (pmb, Deputy Clerk) (Entered: 03/26/2026) |
| 05/11/2026 | | PARTIAL FILING FEES Paid on 5/11/2026 in the amount of $12.00, receipt number 24149. (alp, Deputy Clerk) (Entered: 05/11/2026) |
| 05/28/2026 | 37 | LETTER to Court by Frederick Maurice Westbrook. (mdc, Deputy Clerk) (Entered: 05/28/2026) |
| 07/06/2026 | 38 | MOTION for Summary Judgment by Serena Brewer, Chief of Security Brown, Nurse Devine, Jamie Lysinger, Joe Norwood (With attachments) Responses due by 7/20/2026(Moore, Darrell) (Entered: 07/06/2026) |
| 08/26/2026 | 39 | OPINION AND ORDER by Chief Judge John F. Heil, III: Defendants Joe Norwood, Kevin Brown, Jamie Lysinger, Serena Brewer and Shelia Devine's Motion for Summary Judgment [Dkt. No. 38 ] is granted and Westbrook's claims are dismissed without prejudice. (kch, Deputy Clerk) (Entered: 08/26/2026) |
| 08/26/2026 | 40 | JUDGMENT by Chief Judge John F. Heil, III entering judgment of dismissal against Plaintiff in favor of Defendants (terminates case) (kch, Deputy Clerk) (Entered: 08/26/2026) |
| 09/24/2026 | 41 | NOTICE OF APPEAL to Circuit Court (Re: 39 Opinion and Order, 40 Judgment) by Frederick Maurice Westbrook. (With attachments)(rak, Deputy Clerk) (Entered: 09/25/2026) |

RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2026 SEP 24 AM 9:38

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## Entry of Appearance - Pro Se

Westbrook
v.
lysinger et al

Case No. 6:23-CV-00275-JFH-GLJ

**INSTRUCTIONS: A PARTY DESIRING TO APPEAR WITHOUT COUNSEL SHALL NOTIFY THE CLERK BY COMPLETING AND SIGNING THIS FORM. THE FEDERAL RULES OF APPELLATE PROCEDURE AND TENTH CIRCUIT RULES REQUIRE THAT ALL PAPERS SUBMITTED TO THE COURT FOR FILING BE SIGNED BY THE FILING PARTY AND THAT COPIES BE SERVED ON OPPOSING PARTIES OR THEIR COUNSEL, IF REPRESENTED BY COUNSEL. THE ORIGINAL OF EVERY PAPER SUBMITTED FOR FILING MUST CONTAIN PROOF OF SERVICE IN A FORM SIMILAR TO THAT ON THE REVERSE OF THIS FORM. ANY PAPER THAT DOES NOT CONTAIN THE REQUIRED PROOF OF SERVICE MAY BE DISREGARDED BY THE COURT OR RETURNED.**

I hereby notify the clerk that I am appearing pro se as the Appellee or Respondent frederick Westbrook in
(Appellant, Petitioner, Appellee or Respondent)
this case. All notices regarding the case should be sent to me at the address below. If my mailing address changes, I will promptly notify the clerk in writing of my new address.

Further, in accordance with 10th Cir. R. 46.1, I certify: **(Check one.)**

☑ All parties to this litigation, including parties who are now or have been interested in this litigation, are revealed by the caption for this appeal, or

☐ There are parties interested in this litigation that do not appear in the caption for this appeal, and they are listed on the back of this form.

Frederick Westbrook
Signature

frederick maurice Westbrook
Name
P.O Box 700 Sugar Creek Road
Mailing Address
Hinton OK 73047
City State Zip Code

A-5a Pro Se Entry of Appearance Form 10/09

## CERTIFICATE OF SERVICE

I hereby certify that on 9-18-2026 I sent a copy of
[date]
the Pro Se Entry of Appearance Form to: United States Court of Appeals
at Tenth Circuit Byron White United States
Courthouse Denver, Colorado 80257, the last known
address/email address, by mail.
[state method of service]

9-18-2026
Date

Frederick Westbrook
Signature

---

## CERTIFICATE OF INTERESTED PARTIES
(attached additional pages if necessary)

Frederick Maurice Westbrook #756209
Great Plains Corrections BB/105
P.O. Box 700
Hinton, OK 73047

OKLAHOMA CITY OK 730
21 SEP 2026 PM 4 L




US Marshal
Scanned

LEGAL MAIL

Great Plains Correctional Center
RECEIVED
SEP 2 1 2026
LAW LIBRARY

United States Court of Appeals
Tenth Circuit
Byron White United States
Courthouse
Denver, Colorado 80257

80257-

LEGAL MAIL

Great Plains Correctional Center
RECEIVED
SEP 2 1 2026
LAW LIBRARY

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

September 25, 2026

Clerk Bonnie Hackler
Oklahoma Eastern District Court
Ed Edmondson United States Courthouse
101 North Fifth Street
Muskogee, OK 74401-6205

Re: Misdirected Notice of Appeal - *Westbrook v. Lysinger et al*
Case No. **6:23-CV-00275-JFH-GLJ**

Dear Clerk:

Enclosed please find an entry of appearance form filed by Frederick Maurice Westbrook to be treated as a misdirected notice of appeal. In order for your court to take the appropriate steps to provide us with the preliminary record in this matter, the notice of appeal is being sent to you so it can be properly filed as of September 24, 2026. *See* Fed. R. App. P. 4(d).

Please contact this office if you have questions.

Sincerely,

CHRISTOPHER M. WOLPERT, Clerk

CMW: ssb

cc: Darrell L. Moore

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**FREDERICK MAURICE WESTBROOK,**

**Plaintiff,**

**v.** **Case No. 23-CV-275-JFH-GLJ**

**JOSEPH NORWOOD, et al.,**

**Defendants.**

**OPINION AND ORDER**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the Court on Defendants Joe Norwood, Kevin Brown, Jamie Lysinger, Serena Brewer and Shelia Devine's (collectively, "Defendants") Motion for Summary Judgment ("Motion"). Dkt. No. 38. Plaintiff Frederick Maurice Westbrook ("Westbrook") challenges the conditions of his confinement while incarcerated at Davis Correctional Facility and alleges, among other claims, that he received inadequate medical care while incarcerated at Davis Correctional Facility. *See* Dkt. No. 1. Defendants now move for summary judgment on all of Westbrook's claims arguing he failed to properly exhaust his administrative remedies and the evidence establishes Westbrook cannot prevail on his claims. *See* Dkt. No. 38. For the reasons discussed below, the Court grants the Motion.

## I. Undisputed Facts

The following facts are supported by the evidence in the record and are construed in the light most favorable to Westbrook:

From August 20, 2020, until September 7, 2023, Westbrook was incarcerated at the Davis Correctional Facility. Dkt. No. 38-2. While incarcerated at Davis Correctional Facility, Westbrook was seen by Serena Brewer, ARNP, in the facility's medical clinic, on nine (9) occasions between

January 5, 2022, and July 19, 2023. Dkt. No. 38-6. Westbrook also received examinations from off-site medical specialists on four (4) occasions between August 5, 2022, and August 16, 2023. *See id.* Westbrook received diagnostic testing on seven (7) occasions between November 13, 2022, and September 1, 2023. *See id.* During his time at Davis Correctional Facility, Westbrook was prescribed six (6) medicines. *See id.* During this same period, Westbrook submitted ten (10) requests for health services to the facility's medical staff, and each request was responded to by medical staff. *See id.* In all, Westbrook actively sought and received medical care from the medical staff at Davis Correctional Facility while housed there.

Nevertheless, Westbrook, as evidenced by the instant Complaint and his grievances, was not satisfied with the care he received and the conditions of his confinement. *See* Dkt. No. 1; *see also* Dkt. No. 38-8. The Oklahoma Department of Corrections ("ODOC") has promulgated an administrative remedies grievance policy and process for use by inmates like Westbrook, OP-090124. Dkt. No. 38-7. OP-090124 outlines the process for submission and review of formal grievances. Dkt. No. 38-7 at 11-20. First, an inmate must submit a formal grievance to the appropriate facility/ unit head; a medical grievance must be submitted to the facility correctional health services administrator. *Id.* at 11-13. The reviewing authority is tasked with answering "properly submitted grievances" within twenty (20) days of receipt. *Id.* at 14. If a grievance is not properly submitted, the inmate is afforded ten (10) days to correct any errors and properly resubmit the grievance. *Id.* If the inmate fails to correct the errors or properly resubmit, "the grievance will not be answered and the inmate/offender will have waived/forfeited the opportunity to proceed in the grievance process." *Id.*

The inmate/offender may appeal the facility-level reviewing authority's response to a submitted grievance to the Administrative Review Authority ("ARA"), Personal Identity ARA, or

Medical ARA, whichever is appropriate. Dkt. No. 38-7 at 15. OP-090124 instructs that if a grievance appeal is submitted improperly, "[t]he inmate/offender will be given one opportunity to correct any errors, which must be received by the ARA within 10 days of the time the inmate/offender is notified of improper submission." *Id.* at 16. "If the inmate/offender fails to correct the errors or properly resubmit, the grievance or grievance appeal will not be answered and the inmate/offender will have waived/forfeited the opportunity to proceed in the grievance process." *Id.* If an inmate properly submits his appeal to the ARA, the ARA can return the grievance to the reviewing authority for further investigation and an amended response. *Id.* at 17-18. The reviewing authority will then provide an amended response which the inmate may appeal to the ARA. *Id.* at 18. The ARA will then issue a final ruling which "will conclude the internal administrative process available." *Id.* Upon receipt of a final ruling from the ARA, "[t]he inmate/offender will have satisfied the exhaustion of internal administrative remedies[.]" *Id.*

While Westbrook did engage in the grievance process, the record demonstrates he did not properly exhaust his administrative remedies. Prior to commencing his suit on August 10, 2023, Westbrook submitted nine (9) grievances. However, Westbrook failed to appeal six (6) of these grievances to the ARA: Grievance 2023-1001-0065-G; Grievance 2023-1001-00189-G; Grievance 2023-1001-00213-G; Grievance 2023-1001-00236-G; Grievance 2023-1001-00237-G; and Grievance 2023-1001-00328-G. *See* Dkt. No. 38-8 at 1-48*; see also* Dkt. No. 38-9 at 3.

Westbrook did appeal three (3) of the nine (9) grievances to the ARA. On July 17, 2023, Westbrook submitted Grievance 2023-1001-00263-G. Dkt. No. 38-8 at 57-60. The grievance was decided by the Warden and Health Services Administrator, and Westbrook was denied relief. *Id.* at 56. Westbrook appealed the decision to the ARA on August, 3, 2023, which was stamped received by the ARA on August 14, 2023. *Id.* at 49, 53-55. On September 11, 2023, after

Westbrook filed the instant action, the ARA determined Westbrook's underlying grievance was improperly submitted, notified Westbook of that determination, and directed the facility to amend its response to the grievance to reflect it was improperly submitted. *Id.* at 49-52*; see also* Dkt. No. 38-9. Westbrook's Grievance 2023-1001-0264-G experienced a similar fate: he appealed the facility's decision to the ARA and the ARA determined the underlying grievance was improperly submitted and directed the facility to amend its response. *See* Dkt. No. 38-8 at 62-74; *see also* Dkt. No. 38 at 17-18.

On July 27, 2023, Westbrook submitted Grievance 2023-1001-00289-G. Dkt. No. 38-8 at 83-90. The Warden determined this grievance was improperly submitted and provided Westbrook an opportunity to re-submit the grievance. *Id.* at 87-88. Westbrook resubmitted the grievance which was once again determined to be improperly submitted. *Id.* at 81-86. Westbrook did appeal this decision to the ARA, but the appeal was returned unanswered, on September 20, 2023, because the ARA determined the underlying grievance was improperly submitted. *Id.* at 75-80. In all, Westbrook never received a final ruling from the ARA from any of his three (3) appeals. *See* Dkt. No. 38-9 at 2-3.

**II. Westbrook's Claims**

As noted, Westbrook commenced this action on August 10, 2023, pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights by way of "cruel and unusual punishment, discrimination, deliberate indifference, neglect, mistreatment, put into harms way, [and] retaliation." Dkt. No. 1 at 5-6. Westbrook advances four (4) claims: (1) Defendant Lysinger did not provide him adequate medical care, provided him his medication late and his lupus flared up; (2) the medicine prescribed to him for his lupus suppressed his immune system and caused diarrhea resulting in him being prescribed additional stomach pills; (3) an unknown "she" denied

Westbrook his medicine on time in retaliation for Westbrook being bi-sexual; and (4) he was placed in a pod "full of crips during the time of a gang war" but he is no longer in a gang and unnamed officials knew this but put him in the pod anyway "to get me killed." *Id.* Westbrook names Jamie Lysinger, Serena Brewer, Joe Norwood, Shelia Devine and Kevin Brown as defendants. *Id.* at 3-4; *see also* Dkt. No. 38 at 7-8, 26.

Now, the Defendants move for summary judgment on all of Westbrook's claims. Dkt. No. 38. The Defendants argue, in part, Westbrook failed to exhaust his claims. *Id.* Westbrook did not respond to the Motion. The Motion is ripe for review.

**III. Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must "'view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party.'" *Cronick v. Pryor*, 99 F.4th 1262, 1267 (10th Cir. 2024) (quoting *Simpson v. Little*, 16 F.4th 1353, 1360 (10th Cir. 2021)).

When a defendant asserts an affirmative defense in a motion for summary judgment, the defendant "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted' when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726, 746 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011)). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Hutchinson v. Pfeil*,

105 F.3d 562, 564 (10th Cir. 1997). If the plaintiff fails to make this showing, "the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

Even when a dispositive motion is unopposed, the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("[A] party's failure to file a response to a motion for summary judgment is not, by itself, a sufficient basis on which to enter judgment against the party."). Even when a party has failed to respond, the district court must make the "additional determination that judgment for the moving party is 'appropriate' under Rule 56." *Id*. at 1195. "Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id*. In analyzing whether a material issue of fact exists, it must be remembered that, by failing to file a timely response, a plaintiff "waives the right to respond or controvert the facts asserted in the summary judgment motion," and the "court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.*

**IV. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") states in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). The inmate must use "all steps that the agency holds out, and [do] so *properly*." *Id.* at 90 (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Under the PLRA,

"[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

"Once a defendant proves that a plaintiff failed to exhaust [his administrative remedies], ... the onus falls on the plaintiff to show that remedies were unavailable to him." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)); *see also Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (stating that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust").

Westbrook was incarcerated at Davis Correctional Facility at the time of the events underlying his Complaint. *See* Dkt. No. 1. Accordingly, the PLRA applies to Westbrook's claims. *See Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1184 (10th Cir. 2004) (The PLRA exhaustion requirement "applies fully when the plaintiff is a federal or state inmate held in a privately operated facility."), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

As noted, ODOC Policy OP-090124 provides the applicable administrative grievance procedure. Dkt. No. 38-7. The process first required an inmate to properly complete the grievance procedure at the facility. *Id.* at 13-15. If unsatisfied with the facility's resolution, an inmate could then appeal to the ARA. *Id.* at 15-18. Only after the ARA provides a final ruling, is an inmate considered to have "satisfied the exhaustion of internal administrative remedies[.]" *Id.* at 18.

Defendants establish, while Westbrook did engage in the grievance procedure at the facility and did file three (3) appeals to the ARA, Westbrook did not properly complete all steps required by ODOC. *Woodford*, 548 U.S. at 90. Prior to filing his suit, Westbrook had not appealed any grievance to the ARA. *See* Dkt. No. 38-8 at 1-47; Dkt. No. 38-9 at 3. Of his three (3) appeals to the ARA, the appeals were ongoing when he commenced this suit. *See* Dkt. No. 38-8 at 49-55; 62-67; 75-80; Dkt. No. 38-9 at 2-3. Further, in each of these three (3) appeals, he did not receive a final ruling. *See id.* Therefore, Defendants established Westbrook did not properly exhaust his administrative remedies. *Thomas*, 609 F.3d at 1118.

Further, by failing to respond, Westbrook has not demonstrated "that remedies were unavailable to him[.]" *Hamdo v. Rivera*, Case No. 23-CV-577-JD, 2024 WL 3300001, at *3 (W.D. Okla. Apr. 5, 2024), *report and recommendation adopted as modified* 2024 WL 2955723 (W.D. Okla. June 12, 2024); *see also Tuckel*, 660 F.3d at 1254 ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him[.]"). Accordingly, Defendants' affirmative defense is established as a matter of law as to Westbrook's claims. *See Hines v. Sherron*, 372 F. App'x 853 (10th Cir. 2010) (finding § 1983 appellant "failed to present evidence that raised a genuine issue of material fact regarding his exhaustion of administrative remedies" and affirming district court's decision to grant summary judgment and dismiss the complaint for failure to exhaust administrative remedies).

Because no reasonable juror could find in Westbrook's favor on the issue of PLRA exhaustion, the Court concludes that the Defendants are entitled to judgment as a matter of law on that issue. The Court therefore grants Defendants' Motion on the affirmative defense that 42 U.S.C. § 1997e(a)'s exhaustion requirement bars relief as to Westbrook's claims.

Case 6:23-cv-00275-JFH-GLJ Document 39 Filed 08/26/26 Page 9 of 19

## V. Conclusion

IT IS THEREFORE ORDERED that Defendants Joe Norwood, Kevin Brown, Jamie Lysinger, Serena Brewer and Shelia Devine's Motion for Summary Judgment [Dkt. No. 38] is granted and Westbrook's claims are dismissed without prejudice for failure to exhaust available administrative remedies.

IT IS FURTHER ORDERED that this is a final order terminating this action.

IT IS FURTHER ORDERED that a separate judgment shall be entered herewith.

Dated this 26th day of August, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FREDERICK MAURICE WESTBROOK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSEPH NORWOOD, et al.,**<br><br>**Defendants.** | **Case No. 23-CV-275-JFH-GLJ** |

**JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58(a), and consistent with the Opinion and Order filed contemporaneously herewith, the Court concludes that judgment in this matter should be entered in favor of Defendants Joe Norwood, Kevin Brown, Jamie Lysinger, Serena Brewer and Shelia Devine. In the contemporaneous Opinion and Order, the Court dismissed without prejudice Plaintiff Frederick Maurice Westbrook's claims against Defendants for failure to exhaust available administrative remedies.

IT IS THEREFORE ORDERED that this judgment of dismissal is hereby entered against Plaintiff in favor of Defendants.

Dated this 26th day of August, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE